[Cite as *Evergreen Alliance Golf Ltd. v. Ollom*, 2011-Ohio-5076.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

EVERGREEN ALLIANCE GOLF
LIMITED, LP

      Appellee

      v.

ROBERT OLLOM

      Appellant

C.A. No.     10CA0117-M


APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    10 CVH 01161

## DECISION AND JOURNAL ENTRY

Dated: October 3, 2011

DICKINSON, Judge.

## INTRODUCTION

{¶1} Evergreen Alliance Golf Limited L.P., doing business as Weymouth Country Club, sued Robert Ollom for alleged failure to pay dues. The trial court granted summary judgment to Evergreen for $10,074.37, plus interest and costs, and Mr. Ollom has appealed. Mr. Ollom's sole assignment of error is that the trial court incorrectly entered judgment following its reference of this matter to a magistrate without waiting for the magistrate's decision and without allowing the parties time to object to the magistrate's decision. This Court affirms because the trial court was permitted under Rule 53 of the Ohio Rules of Civil Procedure to enter judgment within the 14 days for the filing of objections.

## BACKGROUND

{¶2} Evergreen sued Mr. Ollom in the Medina Municipal Court for alleged failure to pay dues totaling $10,074.37. At the same time it served its complaint, it served on Mr. Ollom

interrogatories, a request for admissions, and a request for production of documents. Mr. Ollom responded by sending the trial court and Evergreen's lawyer a letter in which he denied that he owed Evergreen the amount sought, although he acknowledged that he may have owed $144.23 for food and beverages. The trial court apparently treated Mr. Ollom's letter as an answer and referred the matter to a magistrate. Evergreen moved for summary judgment based on Mr. Ollom's failure to respond to its request for admissions. Mr. Ollom, who was at the time proceeding pro se, failed to respond to the motion for summary judgment. The trial court filed a document captioned "Magistrate's Decision – Judgment Entry," signed by both the magistrate and the trial court judge, granting summary judgment to Evergreen for $10,074.37, plus interest and costs. Six days later, Mr. Ollom, now represented by a lawyer, moved for findings of fact and conclusions of law. The trial court denied that request, and Mr. Ollom timely appealed to this Court.

## DISCUSSION

{¶3} Mr. Ollom's sole assignment of error is that the trial court incorrectly entered judgment following its reference of this matter to a magistrate without waiting for the magistrate's decision and without allowing the parties time to object to the magistrate's decision. Under Rule 53(D)(3)(b)(i) of the Ohio Rules of Civil Procedure, parties are afforded fourteen days within which to file written objections to a magistrate's decision. Rule 53(D)(4)(e)(i) provides that "[a] court may enter a judgment either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired." That same rule further provides that, "[i]f the court enters a judgment during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the

judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Civ. R. 53(D)(4)(e)(i).

{¶4} The "Magistrate's Decision – Judgment Entry," signed by both the magistrate and the trial court judge, was both a magistrate's decision and judgment. Under Rule 53(D)(3)(b)(i), Mr. Ollom had fourteen days following the filing of that document within which to object to the magistrate's decision. If he had done so, the judgment would have been stayed until the trial court ruled on his objections. He failed, however, to file any objections within the time allowed.

{¶5} The trial court neither entered judgment without waiting for the magistrate's decision nor failed to allow the parties time to object to the magistrate's decision. Mr. Ollom's assignment of error is overruled.

## CONCLUSION

{¶6} Mr. Ollom's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

JOHN C. OBERHOLTZER, and CHRISTOPHER L. WETHERBEE, Attorneys at Law, for Appellant.

GEORGE J. ARGIE, Attorney at Law, for Appellee.